### Coleman JACKSON
#### v.
### ULRICH MANUFACTURING COMPANY
### and
### Union Paving Company.
#### Civ. A. No. 69–189.

United States District Court,
E. D. Pennsylvania.

July 5, 1972.

David H. Kubert, Philadelphia, Pa., for plaintiff.

Bernard Chanin, Esq., Wolf, Block, Schorr & Solis-Cohen, Philadelphia, Pa., for Ulrich Manufacturing Co.

### OPINION AND ORDER

HAROLD K. WOOD, District Judge.

Presently before the Court is plaintiff's motion for a new trial. Plaintiff instituted suit after he was injured in the course of his employment while cleaning a road paving machine known as a shoulder spreader. His complaint against Ulrich Manufacturing Company (Ulrich), the manufacturer of the machine, was predicated upon Section 402A of the Restatement of Torts, 2d, and upon common law negligence. Ulrich joined plaintiff's employer, Union Paving Company (Union), as a third-party defendant. The case was tried before a jury and submitted on special interrogatories. The effect of the jury's answers to the interrogatories was a finding that Ulrich was not liable under either of plaintiff's theories of recovery.

In submitting the interrogatories to the jury, we did not advise it that it should consider Union's liability only if it first found against Ulrich. We de-

clined to do so to avoid the possibility that the jury might find Ulrich liable solely out of sympathy for plaintiff. Accordingly, although the jury found no liability on Ulrich's part, it proceeded to answer the interrogatories relating to Union. In doing so, it found negligence and proximate causation and assessed $75,000.00 in damages against Union.

Plaintiff argues that it was error not to advise the jury that plaintiff's only direct action was against Ulrich and that the issue of negligence on Union's part was relevant only in the event that Ulrich was found liable. We believe that this contention is without merit. The same argument before us was made and rejected in Mazer v. Lipshutz, 31 F.R.D. 123 (E.D.Pa.1962). In that case plaintiff instituted a malpractice suit against two doctors, one of whom joined the hospital as a third-party defendant. The jury, answering special interrogatories, concluded that neither doctor was negligent but that the hospital was. Plaintiff argued that the Court should have instructed the jury that plaintiff had no direct action against the hospital and that the hospital's negligence was only an issue if one or both of the original defendants were found negligent.

In denying plaintiff's motion for a new trial, our colleague, Chief Judge Joseph S. Lord, III, concluded:

"The basic complaint of the plaintiff seems to be that the jury was misled as to the effect of its verdict, and that had the jury been led to suspect the actual effect, it would have reached a different result. But it is not the province of a jury to shape factual findings to meet a desired result; rather it is the jury's duty to find that facts from the evidence no matter what the result."

The same reasoning applies to the case at bar. Had we instructed the jury as plaintiff now suggests, we would have opened the door to fact finding based on sympathy rather than an objective evaluation of the evidence. One of the very purposes of the special verdict procedure is to obtain answers to factual questions with only limited knowledge on the part of the jury as to which side its answers will favor. Ruddy v. New York Central Railroad Company, 124 F.Supp. 470 (N. D.N.Y.1954). We believe that the procedure employed here, designed to prevent the jury from basing its deliberations on a desired result, was proper.

Plaintiff also contends that we erred in refusing to answer two questions propounded by the jury after it began its deliberations. (See Appendix) When the jury submitted these questions, we considered them carefully and discussed them with counsel. We concluded that the best instruction to give the jury was that they should merely answer the interrogatories and any other problems would be handled by the Court. We believe that this instruction was proper and did not prejudice plaintiff.

Finally, plaintiff contends that the Court erred in excluding certain items from evidence. We have reviewed plaintiff's contentions and conclude that any rulings against him were at most harmless error. For the foregoing reasons, plaintiff's motion for a new trial will be denied.

## APPENDIX

1. Is it possible to rule in favor of Mr. Jackson against the Union Paving Company?

2. Is it possible to place liability on both Ulrich Manufacturing Company and Union Paving?